IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV288-03-MU
(3:04CR49-1-MU)

| | |
|---|---|
| FERNANDO SOLORZANO-SANCHEZ, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondents. ) <br> ) | **O R D E R** |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside Or Correct Sentence under 28 U.S.C. § 2255, (Document No. 1), filed June 20, 2005, on the Government's Answer to Petitioner's Motion and Motion for Summary Judgment, (Document No. 5), and on Petitioner's "Objects to Government's Motion For Summary Judgment ... " (Document No. 7.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

A review of the record reveals that on March 22, 2004 Petitioner was charged in a one-count Bill of Indictment with illegal re-entry of a previously deported alien, in violation of 8 U.S.C. § 1326(a). On June 21, 2004 Petitioner entered into a plea agreement with the government by which he agreed to plead guilty to the Indictment. The parties agreed to recommend to the Court "that the sentence [would] be within 'the applicable guideline range' (U.S.S.G. § 5C1.1) and that neither party [would] seek a departure from that range." (Plea Agreement at ¶ 6b, Document No. 12 in criminal case 3:04cr49.)

1

Petitioner appeared with his attorney, George N. Miller, on June 29, 2004 and entered his guilty plea, pursuant to the plea agreement, before Magistrate Judge Keesler. At that time, the Court conducted a Plea and Rule 11 Hearing, engaging Petitioner in a lengthy colloquy to insure that his guilty plea was intelligently and voluntarily tendered. The Court accepted the plea, finding it to be knowingly and voluntarily made, with an understanding of the charges and the potential penalties and consequences of the plea.

On August 18, 2004, the Probation Office prepared a Presentence Report ("PRS"), which was revised on September 21, 2004, to incorporate factual amendments. Based on the revised PSR, Petitioner's guideline range of imprisonment was 46 to 57 months. Pursuant to United States Sentencing Guidelines § 2L1.2, the base offense level for a violation of 8 U.S.C. § 1326(a) is level 8, however, because Petitioner was previously deported, or unlawfully remained in the country, after a conviction for a felony constituting a crime of violence, namely, second-degree kidnaping, his base offense level was enhanced 16 levels yielding an offense level 24. A three-level adjustment for acceptance of responsibility resulted in a total offense level of 21. Offense level 21 combined with a criminal history category III, resulted in a guideline range of imprisonment of 46-57 months. Petitioner filed no objections to the PSR.

On November 2, 2004 this Court held a Factual Basis and Sentencing Hearing. At the hearing, the Court accepted Petitioner's plea of guilty based upon the representations and answers provided by the Petitioner and his attorney at the Rule 11 hearing. The Court found that Petitioner's plea was knowingly and voluntarily made with an understanding of the charges, potential penalties and consequences of the plea. The Court confirmed that Petitioner had reviewed the PSR with his attorney and that there were no objections to the total offense level of 21, criminal history category

III. After allowing Petitioner to address the Court, the Court then sentenced Petitioner to a term of 46 months imprisonment and two years supervised release.

Petitioner did not directly appeal his sentence and conviction. Instead, on June 6, 2005 Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel and imposition of an illegal sentence. Specifically, Petitioner contends that his attorney failed to argue that "Petitioner would not be eligible for six-months half-way placement as provided to all U.S. [c]itizens," and that "Petitioner would not be eligible for a one-year reduction under the residential drug treatment program."[1] Couched as a claim of ineffective assistance of counsel, Petitioner also claims that he was denied the opportunity to argue for "a downward departure based on mitigating circumstances, [and that his sentence is] grossly unfair and disproportionate to the crime committed." Therefore, Petitioner maintains that his attorney's "deficient performance led to an unfair and unreliable conviction and sentence." Additionally, Petitioner claims that the sixteen-level enhancement to his offense level resulted in an illegal sentence pursuant to United States v. Booker, 125 S.Ct 738 (2005).

Upon careful consideration of the foregoing documents and the controlling legal precedent, the Court concludes that the Respondent's Motion fro Summary Judgment should be granted and Petitioner's Motion to Vacate should be dismissed. That is, the Court finds that the instant record makes it clear that counsel was not deficient and that United States v. Booker is not retroactively applicable to Petitioner's case.

---

[1] The Court is assuming that Petitioner is arguing that his attorney failed to argue that Petitioner **would be** eligible for six-months halfway house placement and that he would be eligible for a reduction under the residential drug treatment program.

## II. ANALYSIS

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

More critically here, a petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an ever higher burden to meet. See Hill v. Lockhart, 474 U.S. 52, 53-57 (1985); Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488

U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, 845 F.2d at 475; accord Hill v. Lockhart, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). Moreover, statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of a defendant's plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

Turning now to Petitioner's specific claim, the Court finds that the Petitioner has failed to demonstrate an entitlement to any relief. Petitioner claims that his counsel was ineffective for because he did not argue for a downward departure based on mitigating circumstances and because he did not argue that Petitioner would be eligible for a halfway house placement or for a reduction under the residential drug treatment program.

Petitioner cannot establish that his attorney's conduct was deficient for failing to seek a downward departure for mitigating circumstances, given that Petitioner's plea agreement provided that neither the Petitioner nor the government would "seek a departure from [the applicable guideline sentencing] range." In Petitioner's plea agreement, both the Petitioner and the United States agreed that neither party would seek a departure from the guideline range. (Plea Agreement ¶ 6b, Document Nu. 12 in criminal case 3:04cr49.) If Petitioner's attorney had argued for a downward departure, he

would have breached the plea agreement and would have relieved the United States of its obligations under the agreement.

Petitioner also cannot establish that his counsel was deficient for failing to argue for a halfway house or a reduction under the drug treatment program because not only would that type of argument likely have violated the plea agreement, but also the structure of Petitioner's sentence, place of imprisonment, substance abuse treatment and pre-release custody are matters within the jurisdiction of the Bureau of Prisons, See 18 U.S.C. §§ 3621 and 3624, and are not cognizable under 28 U.S.C. § 2255 as they constitute challenges to the Attorney General's execution of sentence rather than to Petitioner's conviction or the Court's imposition of the sentence.

Finally, while Petitioner claims that he "can demonstrate that his counsel's performance led to an unfair and unreliable conviction and sentence," he provides no evidence to support his claim of deficient performance by his attorney in either his Motion to Vacate or his supporting brief. Even if this Court were to assume Petitioner established that his counsel was deficient, his conclusory allegations do not establish the prejudice prong in that he does not claim that but for counsel's alleged ineffectiveness, he would not have pled guilty and would have insisted on going to trial. See .Hooper, 845 F,2d at 475; accord Hill v. Lockhart, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

Moreover, Petitioner's statements at his Rule 11 Hearing undermine any claim of ineffective assistance of counsel. At the Rule 11 hearing, Petitioner, under oath, acknowledged that he understood and agreed with the terms of the plea agreement; that he had not been coerced into entering the plea agreement; that other than the terms of the agreement, no one had promised him leniency of light sentence to induce him to plead guilty and that he was satisfied with the services of his attorney (Entry and Acceptance of Guilty Plea Form, Document Number 13 3:04cr49.) In

evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977).

The Court reviewed Petitioner's Rule 11 plea colloquy and sentencing hearing transcript and is satisfied that Petitioner's counsel was not ineffective. Moreover, Petitioner has failed to establish either prong of the Strickland test. The Court is satisfied that the Petitioner's counsel was not ineffective and that despite Petitioner's current dissatisfaction with his counsel's performance, Petitioner has failed to establish the two prong test, outlined in Strickland, necessary to state a claim for relief in connection with his allegations of ineffective assistance of counsel.

Lastly, Petitioner argues that his sentence is illegal pursuant to the Supreme court's decision in United States v. Booker, 125 S.Ct 738 (2005). Petitioner's argument is not supported by relevant case law. First, in Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. However, the Fourth Circuit has held that Apprendi may not be applied retroactively to cases on collateral review. United States v. Sanders, 247 F.3d 139, 151 (4th Cir. 2001).

Second, in Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court held that Washington State's statutory sentencing scheme violated Apprendi because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range. Even so, Blakely also does not apply retroactively to convictions that were final at the time it was decided.

Finally, because <u>United States v. Booker</u>, 125 S.Ct. 738 (2005) was merely an extension of the principles applied in <u>Apprendi</u> and, later in <u>Ring v. Arizona</u>, 536 584 (2002), it follows that the rule announced in <u>Booker</u> is also not retroactively applicable to cases in collateral review. Therefore, the <u>Booker</u> case is not applicable to Petitioner's case and this claim is not cognizable on collateral review.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and Petitioner's Motion to Vacate (Document No. 1) is **DISMISSED.**

**Signed: October 6, 2005**

*[Signature]*

Graham C. Mullen
Chief United States District Judge